United States District Court
District of Massachusetts

```
_____
                              )
JASON GALANIS,                )
        Plaintiff,            )
                              )
    v.                        )    Civil No.
                              )    11-10122-NMG
MATTHEW SZULIK, SCOTT HINTZ,  )
KEITH DALRYMPLE and DALRYMPLE )
FINANCE LLC,                  )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

GORTON, J.

On December 28, 2011, this Court allowed defendant's motion for attorneys' fees and costs on the grounds that 1) the Complaint was frivolous and filed for an improper purpose and 2) plaintiff's counsel breached his duty to investigate its factual basis. Pending before the Court is plaintiff's motion for reconsideration.

## I.  Motion for Reconsideration

### A.  Standard

Ruling on a motion for reconsideration requires a court to "balance the need for finality against the duty to render just decisions." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). Reconsideration is warranted only in a limited number of circumstances: 1) the moving party presents newly discovered evidence material to the Court's decision, 2) there has been an

intervening change in law or 3) the decision was based on a manifest error of law or fact or was clearly unjust. United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Such motions are not vehicles for pressing arguments which could have been asserted earlier or for "re-arguing theories previously advanced and rejected." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). The granting of such a motion is "an extraordinary remedy which should be used sparingly." Id.

**B. Application**

Plaintiff urges the Court to reconsider its decision to award attorneys' fees and costs to the defendants on the basis of newly discovered evidence and a factual misunderstanding concerning the chronology of relevant events.

The purported newly-discovered evidence is a confidentiality agreement between plaintiff and James Tagliaferri the terms of which allegedly prevented plaintiff's counsel from informing the Court before now that Tagliaferri had corroborated the allegations in the Complaint. As an initial matter, such information does not constitute newly-discovered evidence for the simple reason that it is not newly discovered. Plaintiff's counsel acknowledges that he has long been aware of Tagliaferri's involvement and the existence of the confidentiality agreement.

Nor is it material to the Court's decision to award attorneys' fees. Unsworn and unsupported "confirmation" from an

individual under suspicion of investment fraud is an insufficient basis on which to ground allegations that the person he is accused of defrauding engaged in sophisticated tax fraud and a conspiracy to commit defamation. Plaintiff's belated revelation therefore has a negligible impact on the Court's conclusion that plaintiff's counsel failed to exercise due diligence in investigating plaintiff's claims.

With respect to plaintiff's second ground for reconsideration, the misunderstanding at issue relates to the timing of a letter sent by defense counsel to plaintiff's counsel pointing out the legal and factual deficiencies of the Complaint and threatening to seek Rule 11 sanctions ("the Rule 11 letter"). At the time it ruled on defendants' motion for attorneys' fees, the Court was under the impression that plaintiff's counsel received the Rule 11 letter a few days before filing the Complaint. It is now apparent that letter was received five days after the Complaint was filed. The Court stands corrected.

Admittedly, that misapprehension factored into this Court's decision to award attorneys' fees and costs but it was not dispositive. The Court found then and continues to find that the Complaint was without factual support. While the fact that plaintiff's counsel received the Rule 11 letter after filing the Complaint diminishes by degree his blameworthiness for commencing this action, it does not excuse plaintiff's attempt to use (and

counsel's complicity in that use of) the suit to leverage a settlement. This Court finds little distinction between the intentional filing of a frivolous action and the continued prosecution of such an action, knowing it to be frivolous.

The Court will not revoke its decision to award attorneys' fees and costs but will take into account the timing issue when deciding the nature, amount and object of the sanctions to be imposed.

### ORDER

In accordance with the foregoing, plaintiff's motion for reconsideration (Docket No. 18) is **ALLOWED** and, upon reconsideration, defendants' motion for attorneys' fees and costs (Docket No. 10) is confirmed and **ALLOWED**. Defendants' request for leave to submit a petition on the amount of attorneys' fees and costs is likewise **ALLOWED**. Such a petition shall be submitted by defendants on or before Friday, May 25, 2012, and responded to, if at all, on or before Friday, June 1, 2012.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 17, 2012

-4-