United States District Court
District of Massachusetts

```
_____
                                 )
JASON GALANIS,                   )
        Plaintiff,               )
                                 )
        v.                       )   Civil No.
                                 )   11-10122-NMG
MATTHEW SZULIK, SCOTT HINTZ,     )
KEITH DALRYMPLE and DALRYMPLE    )
FINANCE LLC,                     )
        Defendants.              )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On December 28, 2011, this Court allowed defendant Matthew Szulik's motion for attorneys' fees and costs. Szulik has since submitted a fee petition seeking reimbursement for $178,083.12, an amount which plaintiff and his counsel claim is excessive.

This Court uses the lodestar method to calculate a reasonable award of attorneys' fees and costs, pursuant to which the number of hours productively expended by counsel is multiplied by a reasonable hourly rate. Joyce v. Town of Dennis, 802 F. Supp. 2d 285, 288 (D. Mass. 2011). Fee petitions are scrutinized by the Court to ensure that the award is fair in proportion to the work performed and result achieved. Hours found to be "excessive, redundant, or otherwise unnecessary" are excluded from the fee calculation. Janney Montgomery Scott LLC v. Tobin, 692 F. Supp. 2d 192, 196 (D. Mass. 2010). It is likewise

-1-

within the Court's discretion to reduce a party's proposed fee award if it is found to be "disproportionate to the result obtained." Joyce, 802 F. Supp. 2d at 289. With those guidelines in mind, the Court reviews the parties' submissions.

Szulik requests $176,489 in attorneys' fees and $1,594.12 in litigation costs purportedly incurred after March 8, 2011, the date the letter alleging a violation of Fed. R. Civ. P. 11 ("the Rule 11 letter") was served upon the plaintiff.[1] According to Attorney Jeffrey Seul, the partner in charge at Holland & Knight, seven attorneys spent 420.3 hours preparing the Rule 11 motion, attending the Boston conference with opposing counsel, negotiating the voluntary dismissal of the Complaint, drafting the motion for sanctions, responding to the motion for reconsideration and drafting the fee petition. Associates were billed at a rate of between $210 and $260 per hour, and partners at a rate of between $615 and $735 per hour. Filed in support of the fee petition are billing invoices detailing the fees and expenses and an affidavit of Attorney Michael Keating, Chair of the Litigation Department at Foley Hoag LLP in Boston, Massachusetts, attesting that 1) none of the hours were billed for duplicative, unproductive or unnecessary work and 2) the billing rates were within the market range for lawyers in the

---

[1] Szulik is not seeking reimbursement for attorneys' fees or costs incurred before that date.

Boston area with similar skills and practices.

Plaintiff and his counsel respond that it is patently unreasonable for seven attorneys from three branch offices of the same law firm to spend over 400 hours collaborating on a relatively straightforward motion for sanctions. They identify a number of billing entries as duplicative, including the eight hours billed by partner Tracy Nichols for "reviewing and substantially revising" the Rule 11 motion, coupled with the 40 hours spent by four other attorneys preparing the motion. They submit, in addition, that it would be improper to award fees associated with the motion for reconsideration because it was both allowed and necessary to clear up a misunderstanding surrounding the date of the Rule 11 letter. Finally, they contend that because attorneys' fees were imposed as a result of their attempt to circumvent Rule 11, sanctions should be limited to an amount which "suffices to deter repetition of the conduct or comparable conduct by others similarly situated," as the rule provides. Fed. R. Civ. P. 11(c)(4).

Plaintiff and his counsel also request that the Court exercise its discretion not to issue a specific, direct sanction against plaintiff's local counsel in light of his 1) reliance on the representations of plaintiff and referring counsel with respect to the factual basis underlying the Complaint, 2) reasonable due diligence in investigating the claims and 3)

conduct in voluntarily dismissing the Complaint promptly after receiving notice from the defendant.

After reviewing the invoices for legal services and striking charges deemed to be duplicative and/or unnecessary, this Court will award $75,000 in attorneys' fees, an amount which both fairly compensates the defendant for the effort reasonably expended in defending against this frivolous action and deters the plaintiff from involving the federal courts in his personal disputes.  Although plaintiff's local counsel was complicit in plaintiff's attempt to leverage a settlement through the filing of this suit, it was plaintiff who concocted the allegations and the sanction in the form of attorneys' fees and expenses will be borne by him alone.

## ORDER

In accordance with the foregoing, defendant's petition for attorneys' fees and costs (Docket No. 24) is **ALLOWED**, in part, and **DENIED**, in part.  Defendant is hereby awarded $75,000 in attorneys' fees and $1,594.12 in costs.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 26, 2012